UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>           Plaintiff,<br><br>    v.<br><br>WILLIAM BARR, et al.,<br><br>           Defendants. | Case No. 20-cv-02917-JSC<br><br>**ORDER RE: PETITIONER'S MOTION TO PROCEED UNDER A PSEUDONYM**<br><br>Re: Dkt. No. 5 |

Petitioner John Doe is a citizen and national of El Salvador who has resided in the United States since 2011. He has been detained at the Yuba County Jail in Marysville, California since August 2019 pursuant to 8 U.S.C. § 1226(a). On April 29, 2020, Petitioner filed a writ of habeas corpus alleging that his detention violated his Fifth Amendment due process rights.[1] (Dkt. No. 4.) Along with his habeas petition, he filed a motion to proceed under a pseudonym because of his status as an asylum seeker and because his petition discusses his mental health diagnosis. (Dkt. No. 5.) The government opposes Petitioner's motion to proceed under a pseudonym because since Petitioner filed this habeas petition, he filed an application for release as a class member in *Zepeda-Rivas v. Jennings*, No. 20-02731 VC (N.D. Cal.) ("*Zepeda-Rivas*"), using his real name and including details about his asylum application and his mental health conditions. (Dkt. No. 20.) The Court requested Petitioner to file a reply to address the issues raised in the government's opposition brief. Petitioner has since done so. (Dkt. Nos. 29 & 30.) Having considered the parties' briefs, the Court DENIES Petitioner's motion to proceed under a pseudonym, but

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9, 13, 18.)

1    GRANTS his alternative request for sealing of documents attached to his habeas petition,
2    including his medical records.

## DISCUSSION

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a)(requiring that the title of every complaint "include the names of all the parties). This presumption is related to the public's common law right of access to judicial proceedings, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers," *Kamehameha Schools*, 596 F.3d at 1042. Nevertheless, a party may proceed anonymously when "special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067. "Parties may use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. at 1067-1068. A party may preserve his or her anonymity when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. District Courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045-1046.

Plaintiff requests leave to proceed anonymously in this action because he is concerned about disclosure of information regarding his mental health diagnosis and his status as an asylum seeker. However, since he filed his request to proceed under a pseudonym, he filed an application for release in *Zepeda-Rivas* under his real name. The application for release identified him as an asylum seeker, the basis for his asylum claim, and disclosed his diagnosis of schizophrenia and adjustment disorder. *See Zepeda-Rivas*, No. 20-02731, Dkt. No. 77-3. Indeed, his mental health diagnosis was a focus of his motion for release. Given that Petitioner's name, status as an asylum seeker, and mental health conditions are already part of the public record in *Zepeda-Rivas*, there is no good cause to allow him to proceed anonymously here. However, there is good cause to file his medical records as contained in Exhibits B, C. F to the Wagman Declaration under seal. Petitioner's "privacy interest outweighs any public interest in the disclosure of" his medical

records. *Eric P. v. Directors Guild of Am.*, No. 19-CV-00361-WHO, 2020 WL 1531339, at *7 (N.D. Cal. Mar. 30, 2020); *see Heldt v. Guardian Life Ins. Co. of Am.*, 2018 WL 5920029, at *2 (S.D. Cal. 2018) ("Documents containing specific medical information may be filed under seal." ... "The need to protect medical privacy qualifies as a 'compelling reason' to seal documents").

## CONCLUSION

For the reasons stated above, Petitioner's motion to proceed under a pseudonym is DENIED, but his alternative request to seal portions of the documents submitted with his habeas petition is GRANTED. Exhibits B, C, and F to the Wagman Declaration are sealed and shall remain locked on the docket. (Dkt. Nos. 4-5, 4-6, and 4-9.)

**IT IS SO ORDERED.**

Dated: May 26, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3